IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CAREMARK, L.L.C. and <br> MISSOURI CVS PHARMACY, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> RENEE VAN ALST, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 4:20-cv-436 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs Caremark, L.L.C. and Missouri CVS Pharmacy, L.L.C. (together, "Plaintiffs" or "CVS") hereby state and allege as follows for their Complaint against Defendant Renee Van Alst ("Defendant" or "Van Alst"):

## NATURE OF THE ACTION

1. This is an action for equitable relief arising out of Defendant's refusal to comply with the terms of a pre-dispute arbitration agreement the parties entered into in connection with Defendant's employment.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiffs and Defendant, and, upon information and belief, the amount in controversy exceeds $75,000.

3. Plaintiff Caremark, L.L.C. is a limited liability company, whose sole member is Caremark, Rx, L.L.C. The sole member of Caremark, Rx, L.L.C. is CVS Pharmacy, Inc., a corporation organized under the laws of the State of Rhode Island. Caremark, L.L.C. is Van Alst's former employer.

4. Plaintiff Missouri CVS Pharmacy, L.L.C. is a limited liability company whose sole member is CVS Pharmacy, Inc., a corporation organized under the laws of the State of Rhode Island.[1]

5. Defendant Renee Van Alst is a current resident of Missouri.

6. Defendant is the plaintiff in the case *Renee Van Alst v. Missouri CVS Pharmacy, L.L.C. d/b/a CVS Pharmacy #16731,* et al., Case No. 1916-CV30564 (the "State Court Action") pending in the Circuit Court of Jackson County, Missouri, wherein she seeks damages for lost wages, compensatory damages, punitive damages, pre-judgment interest and attorneys' fees, which would exceed $75,000.00 in the event of a judgment for Van Alst. The Petition filed in the State Court Action is attached hereto as Exhibit 1.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in Missouri.

**FACTS**

8. Van Alst is a former employee of Caremark, L.L.C.

9. In connection with her hire, on November 2, 2016, Van Alst electronically executed the CVS Health Arbitration Agreement (the "Arbitration Agreement") offered by CVS. *See* Declaration of Jessica Austin, attached hereto as Exhibit 2, at ¶ 11 and Ex. A.

10. The Arbitration Agreement applies to Van Alst and CVS. The term "CVS" is defined in the Arbitration Agreement as "CVS Pharmacy, Inc., including its affiliates, successors, subsidiaries and/or parent companies."

11. The Arbitration Agreement applies to "any and all claims, disputes or

---

[1] Missouri CVS Pharmacy, L.L.C. did not employ Plaintiff and is only named as a plaintiff in this action because Van Alst improperly named Missouri CVS Pharmacy, L.L.C. as a defendant in the action that she filed in the Circuit Court of Jackson County, Missouri.

controversies" that Van Alst may have against CVS or its employees or agents arising out of or relating to Van Alst's employment with CVS or the termination of Van Alst's employment, and specifically includes claims alleging discrimination and retaliation under state law.

12. Van Alst was terminated from her employment effective February 21, 2018.

13. In contravention of the Arbitration Agreement, Van Alst filed the State Court Action on November 14, 2019, asserting claims against Plaintiff Missouri CVS Pharmacy, L.L.C. for discrimination and retaliation under the Missouri Human Rights Act and violation of the Missouri Service Letter Law. Van Alst also asserted a claim against her former supervisor for trespass to chattels.

14. Van Alst has rejected CVS's demand to arbitrate the claims in accordance with the parties' Arbitration Agreement.

## COUNT I
### Petition to Compel Arbitration Pursuant to 9 U.S.C. § 4

15. Plaintiffs incorporate the allegations set forth in Paragraphs 1-14 above as if fully set forth herein.

16. The parties' Arbitration Agreement involves interstate commerce and states that it is governed by the Federal Arbitration Act.

17. The parties' Arbitration Agreement is valid, irrevocable, and enforceable under the Federal Arbitration Act, 9 U.S.C. § 2.

18. Plaintiffs are aggrieved by Defendant's refusal to arbitrate.

19. Plaintiffs are entitled to an Order directing the parties to arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4.

20. Service of this Complaint serves as the notice to Defendant that Plaintiffs are petitioning the Court for such an Order. No sooner than five days after service of this Complaint, Plaintiffs pray for a hearing to determine the matter.

21. Plaintiffs pray for an Order directing Defendant to arbitrate all claims arising from her employment, including claims against Plaintiffs and Plaintiffs' current or former employees, in accordance with the terms of the parties' Arbitration Agreement.

## COUNT II
### Petition to Stay State Court Action Pursuant to 9 U.S.C. § 3

22. Plaintiffs incorporate the allegations set forth in Paragraphs 1-21 above as if fully set forth herein.

23. The claims Defendant brings in her lawsuit pending in the State Court Action are all referable to arbitration under the parties' Arbitration Agreement.

24. A stay of the State Court Action is necessary to effectuate an Order from this Court compelling arbitration.

25. Pursuant to Section 3 of the Federal Arbitration Act, Plaintiffs pray for an Order staying all proceedings in the State Court Action (*Renee Van Alst v. Missouri CVS Pharmacy, L.L.C. d/b/a CVS Pharmacy #16731,* et al., Case No. 1916-CV30564) until the parties have arbitrated Defendant's claims therein.

## COUNT III
### Petition for Preliminary Injunction Pending Arbitration

26. Plaintiffs incorporate the allegations set forth in Paragraphs 1-25 above as if fully set forth herein.

27. An Order prohibiting Defendant from litigating her claims in the State Court Action is necessary to effectuate this Court's Order compelling the parties to arbitration.

28. Without an injunction, Plaintiffs will be irreparably harmed. Despite the parties' valid and enforceable Arbitration Agreement, CVS will be subjected to the burdens and costs of civil litigation which are not applicable to arbitration proceedings and for which CVS will have no remedy.

29. There is a substantial likelihood that Plaintiffs will prevail on the merits of this action, because the parties' Arbitration Agreement features offer, acceptance, and consideration and is therefore valid and enforceable under Missouri law and under the FAA.

30. There is little likelihood of harm to Defendant should a preliminary injunction issue. Van Alst has been on notice of the parties' Arbitration Agreement since she signed it, and was again notified of her obligations under the agreement after she filed the State Court Action. Defendant should not be surprised that her claims must proceed through arbitration. Defendant will be able to pursue a remedy for her employment-related claims through arbitration, pursuant to the terms of the agreement she entered into.

31. The public interest would be served in granting a preliminary injunction because it will promote the rapid and unobstructed enforcement of an agreement willingly entered into between parties, would prevent unnecessary waste of judicial resources, and would allow Defendant to pursue her claims in arbitration.

32. Plaintiffs pray for a preliminary injunction prohibiting Van Alst from pursuing the State Court Action while the parties arbitrate their claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court grant the following relief:

(A) For a hearing on this matter;

(B) For an Order compelling arbitration of all of Defendant's claims arising out of or relating to her employment with Caremark, L.L.C. or the termination thereof, including those claims asserted in the State Court Action;

(C) For an Order staying the State Court Action until the parties have completed arbitration;

(D) For an injunction prohibiting Defendant from pursuing the State Court Action while the parties arbitrate;

(E) And for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sara K. McCallum
Sara K. McCallum #67473
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
smccallum@littler.com

ATTORNEYS FOR PLAINTIFFS