IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CAREMARK, L.L.C. and<br>MISSOURI CVS PHARMACY, L.L.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>RENEE VAN ALST,<br><br>Defendant. | Case No. 4:20-cv-00436-BP |

## PLAINTIFFS' MOTION TO COMPEL ARBITRATION
## AND TO STAY THE STATE COURT ACTION

Plaintiffs Caremark, L.L.C. and Missouri CVS Pharmacy, L.L.C. (together, "Plaintiffs" or "CVS"), pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") and the parties' Arbitration Agreement, respectfully move for entry of an Order compelling arbitration of Defendant Renee Van Alst's ("Defendant" or "Van Alst") claims based on her employment with Caremark, L.L.C., including those claims brought in the Circuit Court of Jackson County, *Renee Van Alst v. Missouri CVS Pharmacy, LLC, d/b/a CVS Pharmacy #16731*, Case No. 1916-CV30564 (the "State Court Action"). Plaintiffs incorporate their Suggestions in Support of this Motion as if fully set forth herein, and also state as follows:

1. Defendant is a former employee of Plaintiff Caremark, L.L.C. In connection with her hire, Defendant electronically executed an Arbitration Agreement. *See* Declaration of Jessica Austin, attached as Ex. 2 to the Complaint (Dkt. 1), at ¶ 11 and Ex. A. The Arbitration Agreement applies to "any and all claims, disputes or controversies" that Van Alst may have against CVS or its employees or agents arising out of or relating to Van Alst's employment with CVS or the termination of Van Alst's employment, and specifically includes claims alleging discrimination

and retaliation under state law.

2. The Arbitration Agreement is valid and enforceable under Missouri law because it demonstrates offer, acceptance, and consideration. *See Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 436 (Mo. Ct. App. 2010).

3. In contravention of the parties' Arbitration Agreement, Van Alst filed her Petition in the State Court Action on November 14, 2019, asserting claims against Plaintiff Missouri CVS Pharmacy, L.L.C. for discrimination and retaliation under the Missouri Human Rights Act and violation of the Missouri Service Letter Law. Van Alst also asserts a claim against a CVS employee for trespass to chattels.

4. Arbitration is Defendant's exclusive remedy for claims arising out of or related to Van Alst's employment, including those claims asserted in the State Court Action.

5. Contemporaneous with the filing of this Motion, Plaintiffs filed a Complaint in this Court seeking an order compelling arbitration and staying the State Court Action. *See* Complaint (Dkt. 1).

6. The FAA provides that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

7. The FAA provides that courts "shall . . . order" parties to proceed to arbitration, and "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §§ 3-4.

8. Plaintiffs respectfully request that the Court order the parties to arbitrate all claims arising out of or related to Defendant's employment, including Defendant's claims against CVS and CVS employees in the State Court Action.

9. Plaintiffs respectfully request the Court issue an Order staying the State Court Action pending arbitration of Defendant's claims.

WHEREFORE, Plaintiffs respectfully request the Court issue an Order compelling arbitration of all claims arising out of or related to Defendant's employment, including Defendant's claims against CVS and CVS employees in the State Court Action, issue an Order staying the State Court Action pending arbitration, and that the Court grant such other relief as it deems just and proper.

Respectfully submitted,

/s/ Sara K. McCallum
Sara K. McCallum #67473
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
smccallum@littler.com

ATTORNEYS FOR PLAINTIFFS